UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

FOX, MARTIN ROBERT,
FOX, COREEN SUSAN,

Debtor

_____/

Case No. 08-45081

Chapter 7

Hon. Walter Shapero

## OPINION DENYING FORD MOTOR CREDIT COMPANY'S MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

This matter originally came before the Court upon the Motion for Approval of Reaffirmation Agreement-Presumption of Undue Hardship Applies filed by Ford Motor Credit Company, LLC ("Ford"). (Docket No. 37). Under 11 U.S.C. § 524(m)(1) there is a presumption of undue hardship because the Debtors' monthly expenses are $431.00 greater than their monthly income. Debtors' attorney signed the reaffirmation agreement, certifying that it did not impose an undue hardship on the Debtors despite the presumption because he believes that they can make the payments. Part D of the agreement states that the Debtors will be able to make the payments because "Debtor wife will be/plans obtaining part-time work, [they] will cut costs as necessary, and family may help with expenses if needed." (Docket No. 36, Part D). Ford filed the instant Motion requesting that this Court issue an order approving the agreement. A hearing was held after which the matter was taken under advisement.

### I.

E.D. Mich. L.R. 4008-1 states as follows:

**(a) Reaffirmation with Attorney Certification**. If the debtor's attorney certifies that a reaffirmation agreement does not impose an undue hardship on the debtor, neither a motion nor court action is required. The court will not act on a motion to approve the reaffirmation agreement in these circumstances. This subparagraph applies even if it appears that a presumption of undue hardship may apply.

**(b) Reaffirmation without Attorney Certification.** If a presumption of undue hardship

1

under § 524(m) applies and the debtor's attorney has not certified that the agreement does not impose an undue hardship, the debtor shall file a separate motion for approval of the reaffirmation agreement. The motion shall be accompanied by the papers specified in § 524(k)(1) and F.R.Bankr.P. 4008. The motion shall be titled and filed in the ECF event, "Motion for Approval of Reaffirmation - Presumption of Undue Hardship Applies." The court will schedule a hearing with notice to the debtor and the creditor.

**(c) Reaffirmation by a Debtor Not Represented by an Attorney in the Case.** If a reaffirmation agreement is filed and the debtor is not represented by an attorney in the bankruptcy case, the debtor must sign a motion for approval of the reaffirmation agreement under § 524(k)(7), attached as Part E. The reaffirmation agreement, including Parts A-E, shall be filed in ECF with the event "Reaffirmation Agreement by Debtor Not Represented by An Attorney." The court will schedule a hearing with notice to the debtor and the creditor. The creditor may file the motion even though the motion is signed by the debtor.

**(d) Reaffirmation by a Debtor Represented by an Attorney Who Did Not Negotiate the Agreement.** The requirements and procedures of paragraph (c) apply to a reaffirmation agreement by a debtor represented by an attorney who did not negotiate the agreement.

The thrust of Ford's argument is that § 524(m)(1) requires the Court to approve a reaffirmation agreement where a presumption of undue hardship exists even when a debtor's attorney certifies that there is no undue hardship, under the local rule.

Section 524(m)(1) states, in relevant part:

...it shall be presumed that such [reaffirmation] agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt. This presumption shall be reviewed by the court. The presumption may be rebutted in writing by the debtor if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement. No agreement shall be disapproved without notice and a hearing to the debtor and creditor, and such hearing shall be concluded before the entry of the debtor's discharge.

11 U.S.C. § 524(m)(1). Thus, by its terms, section 524(m)(1) requires only that a court *review* a reaffirmation agreement when a presumption of undue hardship arises, not that it affirmatively approve or disapprove of such. Furthermore, the statute states that a court may disapprove the

2

agreement *if* the presumption is not rebutted to the satisfaction of the court. A hearing is not required unless the Court decides to disapprove the reaffirmation agreement.

"Given the lack of a definition of the term 'review,' courts have been left to determine what manner of review is required, and when, if at all, a hearing would be necessary." Philip R. Principe, *The Reaffirmation Process Under BAPCPA: Increasing Judicial Oversight*, 26-1 Am. Bankr. Inst. J. 42, 43 (February 2007) (citing *In re Mendoza,* 347 B.R. 34, 37 (Bkrtcy. W.D. Tex. 2006)). A review could consist of merely ensuring that the presumption of undue hardship has been rebutted to the satisfaction of the court, which could include, in addition to the explanation in Part D, a certification by the debtor's attorney. Some courts have gone so far as to conclude that the language of § 524(m)(1) is discretionary and does not require a court to disapprove a reaffirmation agreement even when the presumption of undue hardship is not rebutted to the satisfaction of the court. *See In re Meyers,* 361 B.R. 84, 86 (Bkrtcy. W.D. Pa. 2007). Our local rule simply allows the Court to exercise its discretion, and find the certification of the attorney sufficient to rebut the presumption of undue hardship. There are many places in both the Bankruptcy Code and the Bankruptcy Rules which clearly and explicitly and specifically call for a "hearing" in specified situations and circumstances. When the drafters wanted a "hearing" they explicitly said so. So when the term is not "hearing" but a "review" by the Court which is then followed by the possibility of a "hearing" on specified notice to specifically named parties, and only when the Court, after such review, thinks a hearing is appropriate to determine if it should approve or disapprove the agreement, principles of statutory construction, including giving effect to each word, would require a conclusion that contrary to what Ford in effect is arguing, a "review" is not synonymous with a "hearing." What necessarily follows is that the contemplated review by the Court is to be understood as being an examination of what is presented for the purpose of determining whether or not a hearing subsequent to that review is appropriate. Among the facts which might be presented and be considered as part of that review and examination is the debtors attorney's certification. Absent the local rule, it would be entirely possible and reasonable that certification could be deemed to carry more or decisive weight in any given, or indeed in all, situations. And there is nothing that precludes a court in any given situation, even with an attorney's approval, of setting a hearing - as opposed to it being mandated

in every single case. A local rule, in the context of an interpretation of the statute which does not by its terms require a hearing, which gives an attorney's certification decisive weight, cannot be said to be either unreasonable or in violation of the statute.

The portion of the local rule, which provides that "[t]he court will not act on a motion to approve the reaffirmation agreement" in circumstances where the agreement is certified by the debtor's attorney, does not conflict with § 524(m)(1) because all that is required under the latter is for the court to *review* an agreement if a presumption of undue hardship applies. The statute does not require the Court to approve or disapprove agreements in such circumstances. Rather, it provides that the Court may not disapprove an agreement without notice and a hearing.

## **II.**

This Court's understanding of § 524 is consistent with the holdings of other courts addressing the same issue, which have refused to affirmatively approve reaffirmation agreements where a hearing was not scheduled. In *Meyers*, *supra,* the court denied Ford Motor Credit's motion to approve a reaffirmation agreement "as moot," and held that it would "deny as moot any future motion by Ford or any other creditor that seeks, either in this case or in any bankruptcy case, the affirmative approval of a reaffirmation agreement for which the Court determines that it shall not hold a hearing[.]" 361 B.R. at 87. The basis for this holding was that an affirmative approval was only necessary where a hearing was held because:

> "in contrast to the automatic approval of a reaffirmation agreement if a hearing is *not held* prior to the entry of a debtor's discharge, a reaffirmation agreement is not automatically approved if the Court *holds a hearing* and then fails to disapprove such agreement before the entry of a discharge order[.]"

*Id.* at 86 (emphasis added). Similarly, the Bankruptcy Court for the District of Columbia in *In re Newman* refused to approve Ford Motor Credit Company's motion for approval of a reaffirmation agreement. 2008 WL 1944231, 2008 Bankr. LEXIS 1402 (Bkrtcy. D. Dist. Col. May 1, 2008). In *Newman,* the court found that because the debtor was represented by counsel, the approval requirement did not apply. *Id.* The court went on to hold that:

> "[a]lthough 11 U.S.C. § 524(m)(1) requires the court to review the presumption of hardship that has arisen under that provision, no order approving the reaffirmation agreement is required unless the court sets a hearing to consider disapproving the reaffirmation agreement. In other words, the approval is not required if the court fails to

4

set a hearing within the 60-day period of § 524(m)(1) during which the presumption of undue hardship persists."

*Id.* The holdings in *Meyers* and *Newman* are consistent with other decisions refusing to affirmatively review reaffirmation agreements where no hearing was scheduled. *See e.g., In re Mendoza,* 347 B.R. 34 (Bkrtcy. W.D. Tex. 2006); *In re Calabrese,* 353 B.R. 925 (Bkrtcy. M.D. Fla. 2006); *In re Blake,* 2006 WL 3334399, 2006 Bankr. LEXIS 3499 (Bkrtcy. M.D. Fla. Nov. 13, 2006).

## III.

In conclusion, for the reasons stated, the Motion to Approve Reaffirmation Agreement is denied.

An order to effectuate the above is being entered concurrently.

**Signed on June 10, 2009**

                                     **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**